IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 2:21-cr-0377 |
| | ) |
| vs. | ) |
| | ) Judge Robert J. Colville |
| | ) |
| ARTHUR LEE HOYLE | ) |
| | ) |

**MEMORANDUM ORDER OF COURT**

Before the Court is a Motion for Discovery (ECF No. 53) filed by Defendant Arthur Lee Hoyle.  By way of his Motion, Defendant moves the Court "to order the government to respond in writing to whether [certain] materials exist and, if so, to produce such material."  Mot. 1, ECF No. 53.  Defendant further requests that the Government provide Defendant with information favorable to his defense under Rule of Criminal Procedure 16(a)(1), *Giglio v. United States*, 405 U.S. 150 (1972), and *Brady v. Maryland*, 373 U.S. 83 (1963).  The Government has filed a Response (ECF No. 55) to Defendant's Motion, and Defendant has filed a Reply.  (ECF No. 56).

Defendant is charged in a one-count Indictment (ECF No. 19) with possession with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine and a quantity of a mixture and substance containing a detectable amount of cocaine base in violation of 21 U.S.C. §§ 841(a)(l) and 841(b)(l)(C).  Defendant's Motion and, in particular, Defendant's Reply make clear that the crux of the discovery at issue in Defendant's Motion consists of any warrants, writs, and authorizations relied upon in this case.  The Motion for Discovery otherwise

sets forth rather general requests without any true assertion of noncompliance on the Government's part.  The Government has responded to Defendant's Motion by stating that it has complied with its obligations to date, that certain items of evidence sought by Defendant do not exist, that the Government understands its obligations under the law, and that it will continue to comply with such obligations and any pretrial order entered by this Court moving forward.  The Court notes that Defendant's Motion's more general requests ask the Court to order the Government to do what it is already obligated to do, that is, comply with the law.  Any such request is unnecessary and premature.  *See United States v. Watson*, No. 2:20-CR-112-NR, 2020 WL 7074623, at *9 (W.D. Pa. Dec. 3, 2020) ("What Mr. Watson requests is really just an order compelling the government to comply with the law, which it is already obligated to do.  The Court thus denies the request as unnecessary and premature".).

That said, the Court provides the following guidance with respect to Defendant's general discovery requests.  The Court notes that "Rule 16 was not designed to provide a defendant with a vehicle to discover the government's case in detail or the strategy it intends to pursue at trial." *United States v. Beech*, 307 F.R.D. 437, 440 (W.D. Pa. 2015) (citing *United States v. Fioravanti,* 412 F.2d 407, 410 (3d Cir.), *cert. denied,* 396 U.S. 837, 90 S.Ct. 97, 24 L.Ed.2d 88 (1969)).

With respect to discovery in criminal cases, the United States Court of Appeals for the Third Circuit has explained:

> In contrast to the wide-ranging discovery permitted in civil cases, Rule 16 of the Federal Rules of Criminal Procedure delineates the categories of information to which defendants are entitled in pretrial discovery in criminal cases, with some additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution.  The Jencks Act requires that after each government witness has testified on direct examination, the government must produce to the defense "any statement" made by the witness

which relates to his or her testimony.  In *Brady*, the Supreme Court held that due process required that the government produce all "exculpatory" evidence, which includes both "[m]aterials ... that go to the heart of the defendant's guilt or innocence and materials that might affect the jury's judgment of the credibility of a crucial prosecution witness."

*United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994) (quoting *United States v. Hill*, 976 F.2d 132, 134–35 (3d Cir.1992)); *see also United States v. Searcy*, No. 19-CR-135, 2020 WL 7066335, at *9 (W.D. Pa. Dec. 3, 2020) ("The Supreme Court in *Giglio* extended its ruling in *Brady* to encompass impeachment evidence relating to the credibility of a government witness.  *Giglio*, 405 U.S. at 154.  Any inducements or rewards given to government witnesses, including but not limited to money, grants of immunity, plea bargains, promises of leniency or recommendations thereof, or preferential treatment, would fall under impeachment evidence that must be disclosed under *Brady*." (citing *United States v. Higgs*, 713 F.2d 39, 43 (3d Cir. 1983))).

The Court anticipates that, to the extent that the Government is in possession of discoverable material under Rule 16 or exculpatory materials subject to disclosure under *Brady*, the same will be provided to Defendant forthwith.  With respect to impeachment material under *Brady/Giglio*, the Court's standard practice is to require disclosure ten (10) days before trial, and that will apply in this case.  The Court believes that production at least ten (10) days before trial is sufficient to allow for the impeachment material's effective use at trial.  *See United States v. Higgs*, 713 F.2d 39, 44 (3d Cir. 1983) ("The *Brady* material in this case was information that appellees could use on cross-examination to challenge the credibility of government witnesses.  For that type of material, we think appellees' right to a fair trial will be fully protected if disclosure is made the day that the witness testifies.  Disclosure at that time will fully allow appellees to effectively use that information to challenge the veracity of the government's witnesses.").

The Government states that it "does not intend to wait until after direct testimony to disclose any remaining Jencks material, but rather, will disclose such material sufficiently in advance of trial to avoid delay." Resp. 6, ECF No. 55.  With respect to Jencks disclosures, "[t]here is no authority by which this court can order the government to provide Jencks Act statements prior to the time the witness has testified on direct examination at trial." *United States v. Lightfoot*, No. 08-cr-127, 2008 WL 3050300, at *3 (W.D. Pa. Aug. 5, 2008).  The Court appreciates the Government's representation that it will produce such materials in advance of trial, and encourages the early disclosure of Jencks material where possible.  To the extent that Defendant requests early disclosure of any such materials, however, the Motion must be denied as premature.

Pursuant to Rule 16(a)(1)(G), Defendant "is entitled to a written summary of any expert testimony the government intends to offer, which must 'describe the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.'" *Beech*, 307 F.R.D. at 444 (citing Fed. R. Crim. P. 16(a)(1)(G)).  The Government asserts that it "will comply with the Court's pretrial order governing the disclosure of expert witnesses." Resp. 1, ECF No. 55.  The Court will set a deadline for Fed. R. Crim. P. 16(a)(1)(G) disclosure in this case in its final pretrial order, and notes that it anticipates, at this time, that it will set a deadline of four weeks prior to trial for such disclosure.  *See United States v. Grier*, No. 2:12-CR-161, 2012 WL 5614087, at *5 (W.D. Pa. Nov. 15, 2012) ("There is no explicit deadline in Fed. R. Crim. P. 16(a)(1)(G) for disclosure of the summaries of expert witnesses.  However, such disclosures must be provided with sufficient time to enable Defendant to obtain counter-experts, if desired, and for the parties and the Court to resolve any *Daubert*-type or other challenges in advance of trial.  The Court finds that three to four weeks provides Defendant sufficient time to evaluate the government's experts and prepare any seemingly meritorious challenges that he deems as necessary.  Based on the government's

response, it does not appear that its two witnesses will present overly complex testimony in this relatively straightforward case and thus Defendant will have ample time after the government's disclosures to appraise whether he needs to provide an expert to rebut the expected testimony and/or submit a *Daubert*-type challenge.").

The Court notes that it has engaged in the above analysis in an effort to provide guidance to the parties moving forward, and further notes that the deadlines discussed above are consistent with this Court's standard practice.  Given that Defendant's Reply does not address his Discovery Motion's more general requests in any substantive fashion, the Court is hopeful that the Government's Response and this Memorandum Order will obviate the need for future discovery motion practice.  That said, the Court enters this Memorandum Order without prejudice to Defendant filing future motions, if warranted, as discovery progresses.  *See United States v. Terry*, No. 2:20-CR-43-NR, 2021 WL 2261585, at *2 (W.D. Pa. June 3, 2021) ("Both Mr. Terry and Mr. Smith have filed motions for leave to file additional pre-trial motions based on any evidence or information subsequently disclosed by the government.  Those motions are GRANTED.  That is, Mr. Terry and Mr. Smith may file pre-trial motions related to subsequently disclosed evidence at any point before trial, subject to any deadlines imposed by the Court's pre-trial order.").  This Memorandum Order is further entered without prejudice to either party filing a motion taking issue with the holdings herein.

Turning to the more substantive issue of Defendant's request for all warrants and authorization materials for any wiretaps, location monitoring, tracking devices, and phone pings relevant to Defendant's arrest in the Western District of Pennsylvania, the Court believes that additional briefing on this issue would prove beneficial.  While the Government has asserted that certain of these documents do not exist in the Western District of Pennsylvania, Defendant raises

several arguments in his Reply that the Court believes, in an abundance of caution, warrant further response from the Government. In light of the same, the Government is hereby ordered to file a surreply, with citations to authority where warranted, addressing the arguments set forth in Defendant's Reply. The same shall be filed by no later than **October 27, 2023**. The Court will take the remaining requests at issue in Defendant's Motion under advisement at that time.

IT IS FURTHER ORDERED that the time period between **October 13, 2023** until **October 27, 2023** shall be deemed excluded under the Speedy Trial Act, 18 U.S.C. § 3161, et seq. Specifically, the Court finds that the ends of justice served by granting this continuance outweigh the best interest of the public and the defendant to a speedy trial, 18 U.S.C. § 3161(h)(7)(A), since the Court finds that the additional period is necessary to allow for adequate time to prepare for trial.

BY THE COURT:

s/*Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: October 13, 2023

cc/ecf: All counsel of record